IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA G. ROBINSON,<br>    *Plaintiff,*<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    *Defendant.* | CIVIL ACTION<br>NO. 24-4660 |

## ORDER

**AND NOW**, this 8th day of May 2025, upon consideration of Lisa Robinson's Complaint, (ECF No. 1), Robinson's Request for Review, (ECF No. 9), Defendant's Response, (ECF No. 12), Robinson's Reply, (ECF No. 14), and the Report and Recommendation of U.S. Magistrate Judge Scott W. Reid, (ECF No. 15), to which Robinson did not object, it is **ORDERED** that:

  1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Lisa Robinson challenges the Social Security Administration's denial of her claim for disability insurance benefits and supplemental security income. *See* (Req. for Review at 1, ECF No. 9). On March 10, 2025, Magistrate Judge Scott W. Reid recommended that Robinson's request for review be denied and noted that Robinson had fourteen days to file objections to his recommendations. (R&R at 8, ECF No. 15); (Objections Notice, ECF No. 15-2.) Robinson, who is represented by counsel, never filed objections.

  When no objections are made to an R&R, the Court "should, as a matter of good practice, 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Latorre v. Wetzel*, No. 15-cv-280, 2016 WL 3014874, at *1 (E.D. Pa. May 26, 2016) (quoting Fed. R. Civ. P. 72(b) advisory committee notes). Thus, the Court reviews for clear error Magistrate Judge Reid's determination that the ALJ's decision was supported by "substantial evidence" under 42 U.S.C. § 405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted).

  The ALJ found that Robinson's health issues did not constitute a disability under the Social Security Act because she could perform her past relevant work as a receptionist. (ALJ Decision at 28–29, ECF No. 6-2.) Robinson challenges a "single concise and critical issue" with that decision: the ALJ's purported failure to consider a so-called sit-stand option due to Robinson's alleged inability to sit for a prolonged period of time. (Reply at 1, ECF No. 14.) But the Court perceives no clear error in

2. The final decision of the Commissioner of Social Security is **AFFIRMED**; and

4. The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

Magistrate Judge Reid's finding that the ALJ's decision was supported by substantial evidence. The record contains sufficient evidence to allow a reasonable mind to conclude that Robinson could perform sedentary, semi-skilled work at a light exertional level. *See, e.g.*, (2022 Function Report at 70, ECF No. 6-6) ("I can only stand for 10 min[utes] and will need to sit and give my legs a rest"); (H'rg Tr. at 48, ECF No. 6-2) ("[T]he pain that I experience it's not allowing me to stand long hours or walk [] or lift too many things."); (Zaifang Yu, N.P. Examination at 97, Ex. 5F, ECF No. 6-7) (noting that Robinson was capable of sitting seven hours in an eight-hour workday); (DDE 3/2/22, Ex. 1A, ECF No. 6-3) (noting that in Robinson's past job as a receptionist, she was seated seven hours of the day and walking/standing one hour); (*Id.*, Ex. 3A) (noting Robinson is "able to return" to receptionist job); (Disability Report at 6, Ex. 2E, ECF No. 6-6) (noting that Robinson did not leave her receptionist job due to back pain, but rather was laid off due to the COVID-19 pandemic).

Further, Robinson never raised the issue of a sit-stand option before the ALJ. At the administrative hearing, the vocational expert testified that, given Robinson's limitations and medical history, she would be able to perform her past relevant work as a receptionist, as well as several other sedentary jobs. (H'rg Tr. at 56–57.) Robinson's counsel questioned both Robinson and the VE, focusing on the effect that Robinson's medication would have on her ability to focus. (*Id.* at 51–54, 58–59.) But he did not challenge Robinson's ability to perform purely sedentary work.

Robinson points to her testimony that prolonged sitting causes her discomfort. *See, e.g.*, (Disability Report at 6, Ex. 2E) (noting that her receptionist job caused irritation in her spine); (H'rg Tr. at 45) (stating that, as a receptionist, she "couldn't sit for long"). But the ALJ reasonably noted that these statements were "inconsistent with the medical evidence of record as a whole," including Zaifang Yu, N.P.'s independent examination results and the opinions of the Disability Determination Services medical consultants. (ALJ Decision at 26–28.) And Magistrate Judge Reid only needed to decide if the ALJ's decision was supported by substantial evidence; he was not empowered to weigh the evidence himself, "even if [he] would have decided the factual inquiry differently." *Carden v. Colvin*, No. 14-3120, 2016 WL 233657, at *3 (E.D. Pa. Jan. 20, 2016) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

2